UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23753-GAYLES

VALESHIA ANGLIN,

       Plaintiff,

v.

EDEN ROC MIAMI BEACH HOTEL,
FL FONTAINEBLEAU MIAMI,
HOMEWOOD SUITES BY HILTON
MIAMI DOWNTOWN BRICKELL,

       Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action on September 29, 2023. [ECF No. 1].[1] Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* the same day. [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

---

[1] In the Civil Cover Sheet, Plaintiff indicated that this action is related to a prior proceeding, Case No. 22-cv-21281-Martinez. Plaintiff's prior action was dismissed for failure to comply with Federal Rule of Civil Procedure 4(a)(1)(B) because the summonses for "FL Fontainebleau Miami" and "Eden Roc Miami Beach Hotel" were directed at non-existent entities. *See* Case No. 22-cv-21281, [ECF No. 16].

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff filed this action using the Court's standard form for a pro se Civil Rights Complaint. Plaintiff does not set forth any details about her claims in the form. Instead, Plaintiff attaches a document to the form titled "Motion Statement." [ECF No. 1-3]. Plaintiff's "Motion Statement", however, does not sufficiently state a claim against any of the Defendants. Other than stating, very generally, that each Defendant discriminated against her based on race, national origin, gender, or disability, Plaintiff fails to provide any clarity about her claims. Rather, Plaintiff simply attaches, without explanation, various right to sue notices from the EEOC and documents from the Florida Commission on Human Relations, the Florida First District Court of Appeal, and her prior employers.

Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Indeed, the Court is unable to discern what claims Plaintiff is attempting to bring in this action and what factual allegations are intended to support each claim against each specific defendant. As a result, this action must be dismissed without prejudice for failure to state a claim. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of October, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE